### FOR THE

## COUNTY OF WASHINGTON,

### APRIL TERM, 1852.

PRESENT,

Hon. STEPHEN ROYCE, CHIEF JUDGE.
Hon. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
Hon. PIERPOINT ISHAM, }

---

ORAMEL D. MATHEWS *v.* THE WINOOSKI TURNPIKE CO.

## *Liability of Turnpike Companies, &c.*

Where the Railroad Company took a portion of the old road and made a substitute, as their charter provides, *it was held*, that was sufficient to justify the Turnpike Company in using it as a portion of their road, and that their continuing to use it, as a portion of their road, keeping their gates closed and taking toll, and actually repairing this portion of the road, was sufficient to establish it as a portion of the Turnpike Company's road, which they were bound to keep in a state of ordinary safety for the use of travelers, day and night, so far as this could be done by ordinary diligence.

The same diligence is required of Turnpike Companies, which is demanded of towns, to insure safety to travelers upon the highways, and they, as well as towns, are primarily liable to the traveler.

THIS was an action on the case, in which the plaintiff claimed to recover damages, for an injury, alledged to have been occasioned by reason of the defects and insufficiency of the defendants turnpike. Plea, general issue, and trial by jury.

On trial, the act incorporating the defendants, and the organization of said company under the same, were proved. The plaintiff offered testimony tending to prove, that on the night of the 15th day of August, A. D. 1849, he was driving a horse harnessed to a wagon in which he was riding, on the defendants turnpike, leading from Montpelier village, through Middlesex, to Waterbury, and that in the town of Middlesex an excavation had been recently made, cutting off the traveled path, and leaving an offset of some two or three feet in depth, across the traveled part of the road; that the night being dark, the plaintiff drove off this embankment, or cut, and was thrown out of his wagon, and that his shoulder was thereby injured; that there was no guard or muniment whatever, to prevent travelers from driving into the cut across the traveled path, and that the road at this place was thereby rendered wholly unsafe and dangerous.

The defendants offered testimony tending to prove, that the road, at the place of the accident, was not the original location of their turnpike road, but that some one or two years before this time, the Vermont Central Railroad Company had located their railroad over or near the line of defendants road, and had begun the construction of their Railroad; that said Railroad Company had changed the defendants road at this point, for convenience of travel, by building a by-way, for several rods, parallel to defendants old road, and diverging from it, from two to four rods; that the accident happened on the portion of the road thus laid out and made by the Vermont Central Railroad Company.

The defendants also gave evidence tending to prove, that the defect in the road, which caused the injury, was wholly occasioned by the act of the said Railroad Company, in excavating the portion of road, as before described, for the construction of their Railroad, and that said excavation was made for the track of said Railroad.

It further appeared, that there was, at the time, no other pass for teams, except over the portion of road in question; and the plaintiff gave evidence tending to show, that defendants, ever after said piece of road was so built by said Railroad Company, had

occasionally repaired the same; that the same had been constantly used and occupied, as a part of the turnpike, and tolls received over the whole road. It did not appear that defendants, or their agents, had any knowledge of the excavations, previous to the time of the accident, but it did appear, that the excavation in the road was made one or two days before the accident, and that the Railroad Company were engaged in constructing their road at this point, at the time of the accident, but had left work for the day.

The defendants requested the court to charge the jury, that if the portion of road on which the injury happened, was without the limits of the defendants' survey, and was built by the said Railroad Co. without the authority or assent of the defendants, then the defendants were not liable for said injury.

Defendants also requested the court to charge the jury, that if the alteration aforesaid, and the excavation, were made by said Railroad Company, in pursuance of the powers given to said company by its charter, then the defendants were relieved of all responsibility for the injury complained of.

The court declined to charge as requested, but did charge the jury, (among other things not excepted to,) that if the road, when the injury was received, though made by the Railroad Company, had been adopted by the Turnpike Company, as part of their turnpike road, and they had made repairs upon the same, and had allowed the same to be traveled as part of their turnpike, and had taken tolls over the same, it had become as between them and travelers upon it, a part of their road, and they would be liable for damages occasioned by defects in that part of the road, to the same extent as in any other part of their road. That, athough the Railroad Company had the right to make the excavation across the turnpike, this would not relieve the defendants from their obligation to provide a place for travel, and if their road at this point had become impassible, or dangerous, in consequence of the excavation, by the Railroad Company, it was the duty of the defendants to take proper and reasonable means, to prevent travelers from falling into danger, or receiving damage thereby; that if the jury found they had neglected their duty in this respect, and the plaintiff had thereby suffered damage, the defendants ought to be held liable therefor.

November term, A. D. 1851, of the county court,— POLAND, J., presiding, the jury returned a verdict for plaintiff. Exceptions by

defendants to the charge of the court in the particulars above stated.

*Peck & Colby* for defendants.

1. It was clearly error, in the county court, to hold the defendants liable for not repairing, or providing against a defect or obstruction, of which they had no notice.

2. It was a question for *the court to decide,* whether the *by-road* was adopted by the defendants. *Blodgett* v. *Royalton,* 14 Vt. 289.

The facts submitted did not constitute an adoption; defendants had no authority to use the land taken for the *by-road,* until located, in pursuance of their charter and amended charter. Acts of 1805 and 1832.

3. Defendants are excused from all fault in *making the excavation,* as that was done by force of the Railroad charter, and the defendants could only be held to restore in a *reasonable time.*

*F. F. Merrill* and *J. A. Vail* for plaintiff.

The charge of the court is sustained by the case of *Willard* v. *Newbury,* 22 Vt. 458. It was the duty of defendants to provide a suitable by-way, and use all proper and reasonable precautions to prevent travelers from passing upon the road while unsafe. The defendants are equally liable for the insufficiency of the by-way, as the original road, for they had adopted it. It matters not whether we call this piece of road a part of their turnpike, because adopted by them, or a temporary by-way, adopted by them; in either case their obligation was the same.

Even if we grant, for the argument, that towns may not adopt a road, still, the reason of this rule does not apply to private corporations; they, like individuals, can bind themselves by an act of adoption. But even towns may adopt a by-way, where it is incumbent on them to make one, as in a case like the one at bar.

However this may be, there is no question but the injury in the case at bar, arose from the insufficiency of the road of the defendants.

BY THE COURT. As to this road, made by the Railroad Company, as a substitute for the road which they had taken, it seems to us, that their own charter provides the mode for this, and that they would not be required to resort to the process pointed out in

the act of 1835, when the Turnpike Company found it desirable to change the locality of their road.

And if the Railroad Company took the old road, and made a substitute, as their charter provides, that was sufficient to justify the Turnpike Company in using it as a part of their road, and that their continuing to use it, as a portion of their road, keeping their gates closed, and taking toll, and actually repairing this portion of the road, was sufficient to establish it as a portion of defendants road, which they were bound to keep in a state of ordinary safety, for the use of travelers, day and night, so far as this could be done by ordinary diligence. And the jury, under the charge of the court, in its ordinary acceptation, must be regarded as having found this, for the form of the charge is in the conjunctive.

The requests of the defendants, in regard to the charge of the court, seem to place the defense upon this ground, and also, that the Railroad Company alone are liable to the plaintiff for the consequences of any act done by them, and which they had a right to do. But, so far as towns are concerned, this point seems to be determined, by the case of *Willard* v. *Newbury*, 22 Vt. 458. And we see no reason why the same diligence should not be required of Turnpike Companies, which is demanded of towns, to insure safety to travelers upon the highways, and as was held in the last county, if the fault is really that of the Railroad Company, they may be liable to the town, or Turnpike Company ultimately, for the loss.

The point now urged, that this defect might not have come to the knowledge of the Turnpike Company, does not seem to have been distinctly made, in the court below. And although the court might have been required to give general instructions, applicable to all the testimony in the case, yet they would hardly be expected to give specific instructions, as to any particular point of defect, in the testimony in the case, unless specifically requested so to do. And the existence of such a defect in a road of this character, could scarcely have existed for two days, without coming to the knowledge of the defendants.

The case *Batty* v. *Duxbury*, reported in the present volume, on page 155, and decided at the last circuit term in the first circuit, seems to us to have placed this case beyond all question. It was as nearly the same case as it is possible to conceive, at least, in principle. Judgment affirmed.